UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-06078 DMG (MANx)** | Date | July 19, 2012 |
|---|---|---|---|

| Title | ***Radiant Global Logistics, Inc. v. En Pointe Technologies, Inc., et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On June 8, 2012, Plaintiff Radiant Global Logistics, Inc., a transportation entity, filed a complaint in Los Angeles County Superior Court against Defendants En Pointe Technologies, Inc., Allied Digital Services, LLC, and JPMorgan Chase & Co., arising out of a dispute over allegedly unpaid freight charges. On July 13, 2012, En Pointe removed the action to this Court, asserting subject matter jurisdiction on the basis of a federal question, 28 U.S.C. § 1331, and under the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 13706.

Radiant raises two causes of action. In its first cause of action for breach of domestic house waybill contracts, Radiant claims that Defendants are liable for payment of freight charges under the ICCTA. Radiant's second cause of action for quasi contract plainly arises under state law.

It appears that Radiant's first cause of action does not give rise to federal subject matter jurisdiction. *See Evans Transp. Servs., Inc. v. Northland Servs., Inc.*, No. C11–1713MJP, 2012 WL 727019, 2012 U.S. Dist. LEXIS 29803 (W.D. Wash. Mar. 6, 2012) (holding that neither a claim under 49 U.S.C. § 13706 nor the statute itself provides a basis for federal subject matter jurisdiction). Although it appears that the parties are completely diverse and the amount in controversy exceeds $75,000, removal on the basis of diversity of citizenship is improper because En Pointe and Allied Digital are forum defendants—*i.e.*, they have California citizenship. *See* 28 U.S.C. § 1441(b)(2). Removal by a forum defendant, however, is a procedural defect that can be waived. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006).

Therefore, Defendants are **ORDERED TO SHOW CAUSE** why this action should not be remanded to state court for lack of subject matter jurisdiction. Defendants shall file their

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-06078 DMG (MANx) | Date | July 19, 2012 |
|---|---|---|---|

| Title | *Radiant Global Logistics, Inc. v. En Pointe Technologies, Inc., et al.* | Page | 2 of 2 |
|---|---|---|---|

response on or before **August 3, 2012**.  If Radiant intends to file a motion for remand on procedural grounds, it shall do so by no later than **August 13, 2012**.

**IT IS SO ORDERED.**