JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | **CV 12-06078 DMG (MANx)** | Date August 14, 2012 |

| | | |
|---|---|---|
| Title | ***Radiant Global Logistics, Inc. v. En Pointe Technologies, Inc., et al.*** | Page 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

**I.
INTRODUCTION**

On June 8, 2012, Plaintiff Radiant Global Logistics, Inc., a transportation entity, filed a complaint in Los Angeles County Superior Court against Defendants En Pointe Technologies, Inc., Allied Digital Services, LLC, and JPMorgan Chase & Co., arising out of a dispute over allegedly unpaid freight charges.  On July 13, 2012, En Pointe removed the action to this Court, asserting subject matter jurisdiction on the basis of a federal question, 28 U.S.C. § 1331, and under the Interstate Commerce Act, 49 U.S.C. § 13706.  [Doc. # 1.]

The Court issued an Order to Show Cause ("OSC") why this action should not be remanded for lack of subject matter jurisdiction on July 19, 2012.  [Doc. # 5.]  On August 3, 2012, En Pointe filed its response.  [Doc. # 6.]  The Court deems this matter suitable for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set forth below, this action is REMANDED to state court.

**II.
DISCUSSION**

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal."  *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).  There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance."  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-06078 DMG (MANx)** | Date | August 14, 2012 |
|---|---|---|---|

| Title | *Radiant Global Logistics, Inc. v. En Pointe Technologies, Inc., et al.* | Page | 2 of 4 |
|---|---|---|---|

In the complaint, Plaintiff seeks to recover payments claimed to be due under several shipping contracts. Plaintiff raises causes of action for "Breach of Domestic House Waybill Contracts" and "Quasi Contract." (Compl. at 2, 4.) It is undisputed that Plaintiff's second cause of action for quasi contract arises under state law. Therefore, the only potential basis for federal question jurisdiction is Plaintiff's first cause of action for breach of contract.

A breach of contract claim is quintessentially a creature of state law. *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 840 (9th Cir. 2004). In *Hall v. North American Van Lines, Inc*, 476 F.3d 683 (9th Cir. 2007), as here, the plaintiff brought a claim for breach of contract and the complaint referenced and attached the interstate shipping contract at issue. The Ninth Circuit explained that this alone is insufficient to confer federal subject matter jurisdiction because "the presence of underlying federal issues does not create jurisdiction over a well-pleaded state law claim." *Id*. at 687.

That would be the end of the discussion, except that Plaintiff alleges that En Pointe is liable for payment of the freight charges under 49 U.S.C. § 13706. (Compl. ¶ 15.) That statute provides that "[l]iability for payment of rates for transportation for a shipment of property by a shipper or consignor to a consignee other than the shipper or consignor, is determined under this section when the transportation is provided by motor carrier under this part." 49 U.S.C. § 13706(a).

Some explanation is in order. "Rates" does not mean the contractual amounts charged by any shipper for the transportation of any freight, as it might in common parlance. Rather, it refers very specifically to the rates that motor carriers engaged in certain transportation activities must publish in a tariff, file with the Surface Transportation Board, and universally honor. *See* 49 U.S.C. § 13702; *Maislin Indus., U.S., Inc. v. Primary Steel, Inc.*, 497 U.S. 116, 126, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990).[1]

For many decades, the federal government heavily regulated commercial trucking. In general, rates were regulated, discounts to some but not all shippers were prohibited, carriers were required to charge the rates stated in their published tariffs, and, under 49 U.S.C. § 10744(a) (1978) (codified as amended at 49 U.S.C. § 13706 (1995)), liability of a regulated shipper or consignor to pay the carrier was a matter of federal law. *Henslin v. Roaasti Trucking Inc.*, 69 F.3d 995, 996-97 (9th Cir. 1995) (citations omitted). This heavy regulation of tariffs in the trucking industry gave rise to federal question jurisdiction over a lawsuit such as this to collect unpaid freight bills. *Id*. at 997.

---

[1] Until 1995, tariffs were filed with the Interstate Commerce Commission ("ICC"). *See Maislin*, 497 U.S. at 126 (citing 49 U.S.C. § 10762 (1982)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-06078 DMG (MANx)** | Date | August 14, 2012 |

| Title | *Radiant Global Logistics, Inc. v. En Pointe Technologies, Inc., et al.* | Page | 3 of 4 |

Between 1980 and 1995, regulation of the commercial trucking industry decreased dramatically. Beginning with the Motor Carrier Act of 1980, Pub. L. No. 96-296, 94 Stat. 793, a series of bills deregulated the motor transportation industry and promoted greater rate setting flexibility. *See Gumport v. Sterling Press (In re Transcon Lines)*, 58 F.3d 1432, 1434-35 (9th Cir. 1995); Joseph D. Kearney & Thomas W. Merrill, *The Great Transformation of Regulated Industries Law*, 98 Colum. L. Rev. 1323, 1336-37 (1998).

The watershed moment came in 1994 with the passage of the Trucking Industry Regulatory Reform Act, Pub. L. No. 103-311, §§ 201-212, 108 Stat 1673. The Reform Act eliminated tariff-filing requirements for individually determined rates, which accounted for approximately 90% of the tariff filings with the ICC. Kearney & Merrill, *supra*. The following year, Congress passed the ICC Termination Act, Pub. L. No. 104-88, 109 Stat. 803, which abolished nearly all remaining tariffing requirements. With two exceptions not applicable here,[2] the federal government no longer regulates the rates set by motor carriers.

Because motor carriers' "rates for transportation" are not federally regulated in most cases, the liability for payment addressed in 49 U.S.C. § 13706 does not apply to a freight transportation contract unless it falls within one of the two exceptions to rate deregulation. Thus, as several courts have recognized, Section 13706 does not typically provide a basis for federal jurisdiction when a motor carrier sues a shipper or consignor for breach of contract. *See Estes Express Lines, Inc. v. Carpenter Decorating Co.*, No. 5:09–CV–00084–RLV–DSC, 2012 WL 2501117, 2012 U.S. Dist. LEXIS 89684, (W.D.N.C. June 28, 2012); *Evans Transp. Servs., Inc. v. Northland Servs., Inc.*, No. C11–1713MJP, 2012 WL 727019, 2012 U.S. Dist. LEXIS 29803 (W.D. Wash. Mar. 6, 2012); *GMG Transwest Corp. v. PDK Labs, Inc.*, No. 07–CV–2548 (TCP) (ARL), 2010 WL 3718888, 2010 U.S. Dist. LEXIS 95941 (E.D.N.Y. Sept. 13, 2010); *Mayflower Transit, LLC v. Interra Indus., LLC*, No. 07-5963 (WHW), 2008 WL 2559358, 2008 U.S. Dist. LEXIS 50121 (D.N.J. June 26, 2008); *see also Cent. Transp. Int'l v. Sterling Seating, Inc.*, 356 F. Supp. 2d 786, 791 (E.D. Mich. 2005) ("[T]here is no federal question in this action because [the plaintiff motor carrier] has not alleged that it seeking amounts due under a *filed* tariff." (emphasis in original)).

---

[2] The two remaining categories of motor transportation that require tariffs are movements by or with a water carrier in noncontiguous domestic trade—*i.e.*, joint motor-water shipments involving Alaska, Hawaii, or United States territories—and movements of residential household goods paid for by the householder. *See* 49 U.S.C. §§ 13701(a)(1), 13702; S. Rep. No. 104-176, at 10-11 (1995); H.R. Rep. No. 104-311, at 113 (1995), *reprinted in* 1995 U.S.C.C.A.N. 793, 825.

**CIVIL MINUTES—GENERAL** Initials of Deputy Clerk <u>vv</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-06078 DMG (MANx) | Date | August 14, 2012 |
|---|---|---|---|

| Title | *Radiant Global Logistics, Inc. v. En Pointe Technologies, Inc., et al.* | Page | 4 of 4 |
|---|---|---|---|

En Pointe relies on *C.A.R. Transportation Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474 (9th Cir. 2000), in arguing that Section 13706 applies here.  To the contrary, *C.A.R.* upheld federal jurisdiction because "any action between carriers and shippers *arising from the filed rate* presents a federal question supporting jurisdiction under 28 U.S.C. § 1337." *Id.* at 478 (emphasis added) (citing *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535, 103 S.Ct. 1343, 75 L.Ed.2d 260 (1983)).  Here, there is no filed rate at issue.  Although it is unclear why the 1997 shipment at issue in *C.A.R.* would have involved a tariff, the Ninth Circuit's jurisdictional holding explicitly rested on that factual premise.

In sum, removal on the basis of a federal question was improper and En Pointe has never asserted 28 U.S.C. § 1332(a) as an alternative basis for jurisdiction.[3]

**III.**
**CONCLUSION**

In light of the foregoing, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

[3] Moreover, removal pursuant to 28 U.S.C. § 1332(a) would have been improper because En Pointe and Allied Digital are forum defendants—*i.e.*, they have California citizenship.  *See* 28 U.S.C. § 1441(b)(2).